902 F.2d 34
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Greg OLIVER, Plaintiff-Appellant,
v.
J. ROBINSON; Michigan Department of Corrections,
Defendants-Appellees.
 No. 89-2094.
 United States Court of Appeals, Sixth Circuit.
 May 2, 1990.
 
 Before KENNEDY and WELLFORD, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Greg Oliver, a Michigan prisoner proceeding pro se and in forma pauperis, appeals the judgment of the district court dismissing as frivolous his complaint filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Oliver alleged that officials of Michigan's Department of Corrections negligently deprived him of his personal property, a gold chain and religious medallion, without due process of law. He subsequently attempted to assert that defendants intentionally deprived him of his personal property.
 
 
 3
 The district court dismissed Oliver's complaint sua sponte pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 4
 Upon review, we find no error. Sua sponte dismissal was not an error because Oliver's claim is based on an indisputably meritless legal theory. See Neitzke v. Williams, 109 S.Ct. 1827, 1833 (1989).
 
 
 5
 The deprivation of a prisoner's property does not violate due process if adequate remedies are available to redress the wrong. Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional deprivation); Parratt v. Taylor, 451 U.S. 527, 544 (1981) (negligent deprivation). Oliver has not proved the inadequacy of state remedies. If state remedies exist, there is no cause of action under Sec. 1983 unless Oliver pleads and proves that the state remedies are inadequate. Vicory v. Walton, 721 F.2d 1062, 1066 (6th Cir.1983), cert. denied, 469 U.S. 834 (1984).
 
 
 6
 Accordingly, we hereby affirm the judgment of the district court pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.