14 F.3d 595
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Bedford E. NICHOLES, Plaintiff-Appellant,
v.
U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 92-2500.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 13, 1993.
Dec. 21, 1993.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.
 Bedford E. Nicholas, Appellant Pro Se.
 S.D.W.Va.
 AFFIRMED.
 Before WIDENER, WILKINSON, and WILLIAMS, Circuit Judges.
 
 PER CURIAM
 OPINION
 
 1
 Bedford E. Nicholes appeals from the district court order dismissing his complaint under 28 U.S.C. Sec. 1915(d) (1988). For the reasons set forth below, we vacate the decision of the district court, and remand.
 
 
 2
 Nicholes filed a complaint in the district court, seeking reinstatement of his black lung disability benefits as a surviving child of a deceased coal miner. The magistrate judge, stating that there was no indication that an appeal to the Appeals Council was made, held that the court had no jurisdiction. See 20 C.F.R.Sec. 410.660 (1992); 20 C.F.R. Sec. 410.666 (1992). Dismissal under Sec. 1915(d) was recommended. Nicholes filed objections but failed to state that an appeal to the Appeals Council had been taken. The district court adopted the recommendation and dismissed Nicholes' complaint. With his notice of appeal, Nicholes filed the decision of the Appeals Council, denying his request for review prior to the initiation of this action.
 
 
 3
 Because Nicholes filed an appeal with the Appeals Council, he exhausted his administrative remedies, and the magistrate's assessment that the court did not have jurisdiction, while apparently correct on the record before it, has proven erroneous. We find that dismissal of this complaint for failure to exhaust administrative remedies, pursuant to Sec. 1915(d), was an abuse of discretion. See Neitzke v. Williams, 490 U.S. 319 (1989); Denton v. Hernandez, 60 U.S.L.W. 4346 (U.S.1992).
 
 
 4
 To qualify for benefits as a surviving child of a deceased coal miner, 20 C.F.R. Sec. 410.212 (1992), the disability must be established before age twenty-two. 20 C.F.R. Sec. 410.370 (1992). The Appeals Council states that Nicholes' disability was established in February 1982, when he was thirty-six years old. Because we are unable to confirm this fact from the record before us, we cannot say that Nicholes has presented an "indisputably meritless legal theory." Neitzke, 490 U.S. at 327. Therefore, we vacate the dismissal and remand this case to the district court for further remand or such proceedings as it may deem appropriate.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED