**Saul SOTO RAMOS, Plaintiff,**

v.

**Carlos Roberto SOTO LOPEZ, Defendant.**

**Civil No. 96–1019(SEC).**

United States District Court, D. Puerto Rico.

Feb. 9, 1996.

Saul Soto Ramos, Mayaguez, PR, pro se.

**JUDGMENT**

CASELLAS, District Judge.

Pending before the Court is plaintiff's claim under 42 U.S.C. § 1983. Plaintiff alleges as follows: "I hired attorney Carlos R. Soto Lopez to represent me in a murder case. Attorney Soto Lopez told me that for $12,000 dollars he would buy a verdict of innocence from the judge. He told me that everything was 'fixed.' He told me that he had to waive my right to jury trial and accept a bench trial. I complied with his orders. Everything he told me was a lie. I was found guilty and sentenced to 99 years. He stole my money and made me waive my right to jury trial with lies and deceptions, alleging that he could buy the judge assigned to the case. He told me not to tell the truth about the facts of the case." (Docket # 2, p. 5)

Petitioner seeks this Court to order attorney Carlos Roberto Soto Lopez to return the money given by petitioner in the amount of $12,000, since he did not adequately represent him. He also seeks this Court to order the state court to grant him a new trial since his waiver to jury trial was obtained through lies and deceptions. (Docket # 2, p. 6)

Pursuant to 28 U.S.C. § 1915(d), the court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious. The Supreme Court has held that a complaint is frivolous where it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319, 323–325, 109 S.Ct. 1827, 1831–1832, 104 L.Ed.2d 338 (1989). Upon a careful review of plaintiff's allegations, this Court would be hard-pressed to find a case more frivolous than the present one. Petitioner deliberately sought to perpetrate fraud upon the state court through a $12,000 bribe and perjury. Upon his failed attempt to escape justice, he now seeks this Court to condone his criminal behavior by seeking a new trial and invoking ineffective assistance of counsel. One of the most fundamental equitable principles in our jurisprudence is that "no one shall be permitted to profit by his own fraud, or to take advantage of his own wrong, or to found any claim upon his own iniquity, or to acquire property by his own crime." *Simon & Schuster, Inc. v. Members of the New York State Crime Victims Board, et al.,* 502 U.S. 105, 119, 112 S.Ct. 501, 510, 116 L.Ed.2d 476 (quoting *Riggs v. Palmer,* 115 N.Y. 506, 511–512, 22 N.E. 188, 189–190 (1889)).

It would be unthinkable for this court to entertain such a frivolous claim. We need not say more. Accordingly, plaintiff's Motion Requesting Legal Representation is **DENIED** (Docket # 3) and the present complaint against defendant is **DISMISSED**. Judgment is hereby entered accordingly.

**SO ORDERED.**