## NEITZKE ET AL. *v.* WILLIAMS

No. 87–1882.   Argued February 22, 1989—Decided May 1, 1989

MARSHALL, J., delivered the opinion for a unanimous Court.

*Robert S. Spear* argued the cause for petitioners. With him on the briefs was *Linley E. Pearson,* Attorney General of Indiana, and *David A. Nowak,* Deputy Attorney General.

*George A. Rutherglen,* by appointment of the Court, 488 U. S. 939, argued the cause and filed a brief for respondent.

JUSTICE MARSHALL delivered the opinion of the Court.

The question presented is whether a complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is automatically frivolous within the meaning of 28 U. S. C. § 1915(d). The answer, we hold, is no.

I

On October 27, 1986, respondent Harry Williams, Sr., an inmate in the custody of the Indiana Department of Corrections, filed a complaint under 42 U. S. C. § 1983 in the United States District Court for the Southern District of Indiana, naming five Indiana correctional officials as defendants. App. 38. The complaint alleged that, while at the Indiana State Prison, Williams had been diagnosed by a prison doctor

as having a small brain tumor which affected his equilibrium. *Id.*, at 40. Because of this condition, the doctor placed Williams for one year on "medical idle status." A medical report Williams attached to the complaint stated that "[i]t is very likely that he will have this condition for some time to come." *Id.*, at 48.

The complaint further alleged that, when Williams was transferred to the Indiana State Reformatory, he notified the reformatory staff about the tumor and about the doctor's recommendation that he not participate in any prison work program. *Id.*, at 41. Despite this notification, reformatory doctors refused to treat the tumor, *id.*, at 40–41, and reformatory officials assigned Williams to do garment manufacturing work, *id.*, at 42. After Williams' equilibrium problems worsened and he refused to continue working, the reformatory disciplinary board responded by transferring him to a less desirable cell house. *Id.*, at 42–43.

The complaint charged that by denying medical treatment, the reformatory officials had violated Williams' rights under the Eighth Amendment, and by transferring him without a hearing, they had violated his rights under the Due Process Clause of the Fourteenth Amendment. *Id.*, at 44. The complaint sought money damages and declaratory and injunctive relief. *Id.*, at 45–46. Along with the complaint, Williams filed a motion to proceed *in forma pauperis* pursuant to 28 U. S. C. § 1915(a), stating that he had no assets and only prison income. App. 36–37.

The District Court dismissed the complaint *sua sponte* as frivolous under 28 U. S. C. § 1915(d) on the grounds that Williams had failed to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6). Insofar as Williams claimed deficient medical care, his pleadings did not state a claim of "deliberate indifference to [his] serious medical needs," as prisoners' Eighth Amendment claims must under *Estelle* v. *Gamble*, 429 U. S. 97, 104 (1976), but instead described a constitutionally noncognizable

instance of medical malpractice. *Williams* v. *Faulkner*, Cause No. IP 86–1307-C (SD Ind., Jan. 16, 1987), reprinted at App. 67. Insofar as Williams protested his transfer without a hearing, his pleadings failed to state a due process violation, for a prisoner has no constitutionally protected liberty or property interest in being incarcerated in a particular institution or a particular wing. *Id.*, at 26. The court gave no other reasons for finding the complaint frivolous. On Williams' ensuing motion to vacate the judgment and amend his pleadings, the District Court reached these same conclusions. *Williams* v. *Faulkner*, Cause No. IP 86–1307-C (SD Ind., Mar. 11, 1987), reprinted at App. 29.[1]

The Court of Appeals for the Seventh Circuit affirmed in part and reversed in part. *Williams* v. *Faulkner*, 837 F. 2d 304 (1988). In its view, the District Court had wrongly equated the standard for failure to state a claim under Rule 12(b)(6) with the standard for frivolousness under § 1915(d). The frivolousness standard, authorizing *sua sponte* dismissal of an *in forma pauperis* complaint "only if the petitioner can-

---

[1] Both in its initial ruling and upon the motion to vacate and amend, the District Court also denied Williams leave to proceed *in forma pauperis*. It based this denial exclusively on its finding of frivolousness, stating that Williams had presumptively satisfied § 1915's poverty requirement. *Williams* v. *Faulkner*, Cause No. IP 86–1307-C (SD Ind., Jan. 16, 1987), reprinted at App. 22. In so ruling, the District Court adhered to precedent in the Court of Appeals for the Seventh Circuit to the effect that, if a district court finds a complaint frivolous or malicious, it should not only dismiss the complaint but also retroactively deny the accompanying motion to proceed *in forma pauperis* under § 1915, regardless of the plaintiff's financial status. See *Wartman* v. *Branch 7, Civil Division, County Court, Milwaukee County, Wis.*, 510 F. 2d 130, 134 (1975). Other Circuits, however, treat the decision whether to grant leave to file *in forma pauperis* as a threshold inquiry based exclusively on the movant's poverty. See, *e. g.*, *Franklin* v. *Murphy*, 745 F. 2d 1221, 1226–1227, n. 5 (CA9 1984); *Boyce* v. *Alizaduh*, 595 F. 2d 948, 950–951 (CA4 1979). Because our review is confined to the question whether the complaint in this case is frivolous within the meaning of § 1915(d), we have no occasion to consider the propriety of these varying applications of the statute.

not make any rational argument in law or fact which would entitle him or her to relief," is a "more lenient" standard than that of Rule 12(b)(6), the court stated. 837 F. 2d, at 307. Unless there is "'indisputably absent any factual or legal basis'" for the wrong asserted in the complaint, the trial court, "[i]n a close case," should permit the claim to proceed at least to the point where responsive pleadings are required. *Ibid.* (citation omitted).

Evaluated under this frivolousness standard, the Court of Appeals held, Williams' Eighth Amendment claims against two of the defendants had been wrongly dismissed. Although the complaint failed to allege the level of deliberate indifference necessary to survive a motion to dismiss under Rule 12(b)(6), at this stage of the proceedings, the court stated, "we cannot state with certainty that Williams is unable to make any rational argument in law or fact to support his claim for relief" against these defendants. 837 F. 2d, at 308. Accordingly, the Court of Appeals reversed and remanded these claims to the District Court.[2] The Court of Appeals affirmed the dismissal of Williams' due process claims as frivolous, however. Because the law is clear that prisoners have no constitutionally protected liberty interest in remaining in a particular wing of a prison, the court stated,

---

[2] The two defendants against whom the Eighth Amendment claims were reinstated were Han Chul Choi, a reformatory doctor whom Williams alleged had refused to treat the brain tumor, and Dean Neitzke, who as administrator of the reformatory infirmary was presumptively responsible for ensuring that Williams received adequate medical care. *Williams* v. *Faulkner*, 837 F. 2d 304, 308 (CA7 1988). The Court of Appeals held that Williams' complaint had alleged no personal involvement on the part of the remaining three defendants in his medical treatment, and that these defendants' prison jobs did not justify an "inference of personal involvement in the alleged deprivation of medical care." *Ibid.* Because Williams could thus make no rational argument to support his claims for relief against these officials, the Court of Appeals stated, the District Court had appropriately dismissed those claims as frivolous. *Ibid.*

Williams could make no rational argument in law or fact that his transfer violated due process. *Id.*, at 308–309.

We granted the petition for a writ of certiorari, 488 U. S. 816 (1988), filed by those defendants against whom Williams' claims still stand to decide whether a complaint that fails to state a claim under Rule 12(b)(6) is necessarily frivolous within the meaning of § 1915(d), a question over which the Courts of Appeals have disagreed.[3] We now affirm.·

## II

The federal *in forma pauperis* statute, enacted in 1892 and presently codified as 28 U. S. C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts. *Adkins* v. *E. I. DuPont de Nemours & Co.*, 335 U. S. 331, 342–343 (1948). Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court *in forma pauperis* by filing in good faith an affidavit stating, *inter alia*, that he is unable to pay the costs of the lawsuit. Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. To prevent such abusive or captious litigation, § 1915(d) authorizes federal courts to dismiss a claim filed *in forma pauperis* "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." Dismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints. See *Franklin* v. *Murphy*, 745 F. 2d 1221, 1226 (CA9 1984).

The brevity of § 1915(d) and the generality of its terms have left the judiciary with the not inconsiderable tasks of

---

[3] Compare *Brandon* v. *District of Columbia Board of Parole*, 236 U. S. App. D. C. 155, 159, 734 F. 2d 56, 59 (1984), cert. denied, 469 U. S. 1127 (1985), with *Harris* v. *Menendez*, 817 F. 2d 737, 740 (CA11 1987); *Spears* v. *McCotter*, 766 F. 2d 179, 182 (CA5 1985); *Franklin, supra*, at 1227; *Malone* v. *Colyer*, 710 F. 2d 258, 261 (CA6 1983).

fashioning the procedures by which the statute operates and of giving content to § 1915(d)'s indefinite adjectives.[4] Articulating the proper contours of the § 1915(d) term "frivolous," which neither the statute nor the accompanying congressional reports defines, presents one such task. The Courts of Appeals have, quite correctly in our view, generally adopted as formulae for evaluating frivolousness under § 1915(d) close variants of the definition of legal frivolousness which we articulated in the Sixth Amendment case of *Anders* v. *California*, 386 U. S. 738 (1967). There, we stated that an appeal on a matter of law is frivolous where "[none] of the legal points [are] arguable on their merits." *Id.*, at 744. By logical extension, a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. As the Courts of Appeals have recognized, § 1915(d)'s term "frivolous," when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.[5]

Where the appellate courts have diverged, however, is on the question whether a complaint which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) automatically satisfies this frivolousness standard. The petitioning prison officials urge us to adopt such a *per se* reading, primarily on the policy ground that such a reading will halt the "flood of frivolous litigation" generated by prisoners that has swept over the federal judiciary. Brief for Petitioners 7. In support of this position, petitioners note the large and growing

---

[4] See, *e. g.*, Catz & Guyer, Federal In Forma Pauperis Litigation: In Search of Judicial Standards, 31 Rutgers L. Rev. 655 (1978); Feldman, Indigents in the Federal Courts: The In Forma Pauperis Statute—Equality and Frivolity, 54 Ford. L. Rev. 413 (1985).

[5] See, *e. g.*, *Payne* v. *Lynaugh*, 843 F. 2d 177, 178 (CA5 1988); *Franklin*, 745 F. 2d, at 1227–1228; *Johnson* v. *Silvers*, 742 F. 2d 823, 824 (CA4 1984); *Brandon, supra*, at 159, 734 F. 2d, at 59; *Wiggins* v. *New Mexico State Supreme Court Clerk*, 664 F. 2d 812, 815 (CA10 1981), cert. denied, 459 U. S. 840 (1982).

number of prisoner civil rights complaints, the burden which disposing of meritless complaints imposes on efficient judicial administration, and the need to discourage prisoners from filing frivolous complaints as a means of gaining a "'short sabbatical in the nearest federal courthouse.'" *Id.*, at 6, quoting *Cruz* v. *Beto,* 405 U. S. 319, 327 (1972) (REHNQUIST, J., dissenting). Because a complaint which states no claim "must be dismissed pursuant to Rule 12(b)(6) anyway," petitioners assert, "delay[ing] this determination until after service of process and a defendant's response only delays the inevitable." Reply Brief for Petitioners 3.

We recognize the problems in judicial administration caused by the surfeit of meritless *in forma pauperis* complaints in the federal courts, not the least of which is the possibility that meritorious complaints will receive inadequate attention or be difficult to identify amidst the overwhelming number of meritless complaints. See Turner, When Prisoners Sue: A Study of Prisoner Section 1983 Suits in the Federal Courts, 92 Harv. L. Rev. 610, 611 (1979). Nevertheless, our role in appraising petitioners' reading of § 1915(d) is not to make policy, but to interpret a statute. Taking this approach, it is evident that the failure-to-state-a-claim standard of Rule 12(b)(6) and the frivolousness standard of § 1915(d) were devised to serve distinctive goals, and that while the overlap between these two standards is considerable, it does not follow that a complaint which falls afoul of the former standard will invariably fall afoul of the latter. Appealing though petitioners' proposal may appear as a broadbrush means of pruning meritless complaints from the federal docket, as a matter of statutory construction it is untenable.

Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Hishon* v. *King & Spalding,* 467 U. S. 69, 73 (1984); *Conley* v. *Gibson,* 355 U. S. 41, 45–46 (1957). This procedure, operating on the assumption that the factual allegations in the complaint are true, stream-

lines litigation by dispensing with needless discovery and factfinding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Hishon, supra,* at 73, a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one. What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations. District court judges looking to dismiss claims on such grounds must look elsewhere for legal support.[6]

Section 1915(d) has a separate function, one which molds rather differently the power to dismiss which it confers. Section 1915(d) is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit, see, *e. g., Williams* v. *Goldsmith,* 701 F. 2d 603 (CA7 1983), and claims of infringement of a legal interest which clearly does not exist, like respondent Williams' claim that his transfer within the reformatory violated his rights under the Due

---

[6] A patently insubstantial complaint may be dismissed, for example, for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). See, *e. g., Hagans* v. *Lavine,* 415 U. S. 528, 536–537 (1974) (federal courts lack power to entertain claims that are " 'so attenuated and unsubstantial as to be absolutely devoid of merit' ") (citation omitted); *Bell* v. *Hood,* 327 U. S. 678, 682–683 (1946).

Process Clause. Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.

To the extent that a complaint filed *in forma pauperis* which fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) and § 1915(d) both counsel dismissal.[7] But the considerable common ground between these standards does not mean that the one invariably encompasses the other. When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not. This conclusion follows naturally from § 1915(d)'s role of replicating the function of screening out inarguable claims which is played in the realm of paid cases by financial considerations. The cost of bringing suit and the fear of financial sanctions doubtless deter most inarguable paid claims, but such deterrence presumably screens out far less frequently those arguably meritorious legal theories whose ultimate failure is not apparent at the outset.

Close questions of federal law, including claims filed pursuant to 42 U. S. C. § 1983, have on a number of occasions arisen on motions to dismiss for failure to state a claim, and have been substantial enough to warrant this Court's granting review, under its certiorari jurisdiction, to resolve them. See, *e. g., Estelle* v. *Gamble,* 429 U. S. 97 (1976); *McDonald* v. *Santa Fe Trail Transportation Co.,* 427 U. S. 273 (1976); *Bivens* v. *Six Unknown Fed. Narcotics Agents,* 403 U. S. 388 (1971); *Jones* v. *Alfred Mayer Co.,* 392 U. S. 409 (1968). It can hardly be said that the substantial legal claims raised in these cases were so defective that they should never have been brought at the outset. To term these claims frivolous

---

[7] At argument, Williams' counsel estimated that many, if not most, prisoner complaints which fail to state a claim also fall afoul of § 1915's strictures, Tr. of Oral Arg. 27, an estimate with which our experience does not incline us to take issue.

is to distort measurably the meaning of frivolousness both in common and legal parlance. Indeed, we recently reviewed the dismissal under Rule 12(b)(6) of a complaint based on 42 U. S. C. § 1983 and found by a 9-to-0 vote that it had, in fact, stated a cognizable claim—a powerful illustration that a finding of a failure to state a claim does not invariably mean that the claim is without arguable merit. See *Brower* v. *County of Inyo*, 489 U. S. 593 (1989). That frivolousness in the § 1915(d) context refers to a more limited set of claims than does Rule 12(b)(6) accords, moreover, with the understanding articulated in other areas of law that not all unsuccessful claims are frivolous. See, *e. g.*, *Penson* v. *Ohio*, 488 U. S. 75 (1988) (criminal defendant has right to appellate counsel even if his claims are ultimately unavailing so long as they are not frivolous); *Christiansburg Garment Co.* v. *EEOC*, 434 U. S. 412, 422 (1978) (attorney's fees may not be assessed against a plaintiff who fails to state a claim under 42 U. S. C. § 1988 or under Title VII of the Civil Rights Act of 1964 unless his complaint is frivolous); *Hagans* v. *Lavine*, 415 U. S. 528, 536–537 (1974) (complaint that fails to state a claim may not be dismissed for want of subject-matter jurisdiction unless it is frivolous).

Our conclusion today is consonant with Congress' overarching goal in enacting the *in forma pauperis* statute: "to assure equality of consideration for all litigants." *Coppedge* v. *United States*, 369 U. S. 438, 447 (1962); see also H. R. Rep. No. 1079, 52d Cong., 1st Sess., 1 (1892). Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon.[8] These procedures alert him to the legal theory underlying the defendant's challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allega-

---

[8] We have no occasion to pass judgment, however, on the permissible scope, if any, of *sua sponte* dismissals under Rule 12(b)(6).

tions so as to conform with the requirements of a valid legal cause of action. This adversarial process also crystallizes the pertinent issues and facilitates appellate review of a trial court dismissal by creating a more complete record of the case. *Brandon* v. *District of Columbia Board of Parole*, 236 U. S. App. D. C. 155, 158, 734 F. 2d 56, 59 (1984), cert. denied, 469 U. S. 1127 (1985). By contrast, the *sua sponte* dismissals permitted by, and frequently employed under, § 1915(d), necessary though they may sometimes be to shield defendants from vexatious lawsuits, involve no such procedural protections.

To conflate the standards of frivolousness and failure to state a claim, as petitioners urge, would thus deny indigent plaintiffs the practical protections against unwarranted dismissal generally accorded paying plaintiffs under the Federal Rules. A complaint like that filed by Williams under the Eighth Amendment, whose only defect was its failure to state a claim, will in all likelihood be dismissed *sua sponte*, whereas an identical complaint filed by a paying plaintiff will in all likelihood receive the considerable benefits of the adversary proceedings contemplated by the Federal Rules. Given Congress' goal of putting indigent plaintiffs on a similar footing with paying plaintiffs, petitioners' interpretation cannot reasonably be sustained. According opportunities for responsive pleadings to indigent litigants commensurate to the opportunities accorded similarly situated paying plaintiffs is all the more important because indigent plaintiffs so often proceed *pro se* and therefore may be less capable of formulating legally competent initial pleadings. See *Haines* v. *Kerner*, 404 U. S. 519, 520 (1972).[9]

---

[9] Petitioners' related suggestion that, as a practical matter, the liberal pleading standard applied to *pro se* plaintiffs under *Haines* provides ample protection misses the mark for two reasons. First, it is possible for a plaintiff to file *in forma pauperis* while represented by counsel. See, *e. g.*, *Adkins* v. *E. I. DuPont de Nemours & Co.*, 335 U. S. 331 (1948). Second, the liberal pleading standard of *Haines* applies only to a plaintiff's

We therefore hold that a complaint filed *in forma pauperis* is not automatically frivolous within the meaning of § 1915(d) because it fails to state a claim. The judgment of the Court of Appeals is accordingly

*Affirmed.*

---

factual allegations. Responsive pleadings thus may be necessary for a *pro se* plaintiff to clarify his legal theories.