880 F.2d 414
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William BROWN, Petitioner-Appellant,
v.
DEPARTMENT OF CORRECTIONS; Officer Englers, Respondents-Appellees.
 No. 88-1487.
 United States Court of Appeals, Sixth Circuit.
 July 28, 1989.
 
 Before MERRITT and DAVID A. NELSON, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 William Brown appeals the dismissal of his civil rights complaint filed under 42 U.S.C. Sec. 1983 as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Brown, a Michigan prisoner, alleged that he was found guilty of misconduct after he was required to provide a urine sample which falsely tested positive for marijuana use. Defendants are the Michigan Department of Corrections and the prison officer who requested the urine sample.
 
 
 3
 An in forma pauperis complaint may be dismissed as frivolous under 28 U.S.C. Sec. 1915(d) "where it lacks an arguable basis either in law or fact." Neitzke v. Williams, 57 U.S.L.W. 4493 (May 1, 1989). In finding the complaint frivolous here, the district court noted first that the plaintiff, as a prisoner, had no inherent right to privacy which would protect him from having to produce a urine sample upon request. Second, the court stated, citing Department of Corrections Policy Directive DWA 60.01, that the plaintiff should have availed himself of his right to an internal administrative appeal of a factual dispute over a misconduct finding. The district court added also that the prisoner should be utilizing the state courts to appeal his misconduct finding.
 
 
 4
 We are in agreement with the district court that the plaintiff's claim that his urinalysis test violated his constitutional right to privacy lacks any basis in the law. Spence v. Farrier, 807 F.2d 753 (8th Cir.1986). It is true that urinalysis tests which are conducted in a reasonable manner may violate the Fourth Amendment, id. at 755; but we do not understand the plaintiff's complaint as alleging that the manner in which his urinalysis test was administered was unreasonable; rather, we understand him to argue only that the result of the test was inaccurate.
 
 
 5
 We are concerned, however, with the district court's second ground for dismissing the complaint as frivolous. Specifically, we are uncertain whether the availability of the administrative appeal process mentioned by the district court constituted a sound reason for dismissal of this Sec. 1983 action. The Supreme Court has explicitly ruled out any requirement that a plaintiff must exhaust his administrative remedies before bringing a Sec. 1983 action. Patsy v. Board of Regents, 457 U.S. 496 (1982). The Supreme Court has also held, though, that a Sec. 1983 suit can be dismissed if the administrative action which is the basis for the suit is not yet final. Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City, 473 U.S. 172 (1985). This "finality requirement" means that courts must determine "whether the initial decision-maker has arrived at a definitive position on the issue that inflicts an actual, concrete injury...." Id. at 193.
 
 
 6
 The plaintiff here made reference in his complaint to the "piling of points" in his records as a result of the misconduct charge, the effect of which is to place him in a higher restrictive classification, and to reduce his chances for obtaining parole. It is unclear from the scanty record before us whether the "points" have already been added to the plaintiff's records, or whether the addition of misconduct "points" might be held in abeyance pending the resolution of the administrative appeal referred to in the district court's opinion. If these "points" may not be removed from the plaintiff's record until an administrative appeal results in finding that the urine test was inaccurate, then plaintiff may have alleged an "actual concrete injury" such that he could bring a Sec. 1983 suit at this time.
 
 
 7
 We cannot resolve this issue, however, because we are unfamiliar with the relevant prison procedures and regulations. We shall therefore remand the case to the district court for a determination as to whether the misconduct finding against plaintiff is "final," in the sense that the prison administrators have arrived at a "definitive position" that is inflicting on the plaintiff "an actual, concrete injury." We note that the dismissal of the complaint as frivolous cannot be affirmed unless the misconduct finding against the plaintiff lacks finality in this sense.
 
 
 8
 The case is remanded to the district court for further proceedings not inconsistent with this order. Rule 9(b)(5), Rules of the Sixth Circuit.