894 F.2d 407
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mark L. DYER, Plaintiff-Appellant,
v.
Ralph EVITTS, Warden; Lt. Griffin; C.O. Wealley; Pat
Bowzer, Defendants-Appellees.
 No. 89-5487.
 United States Court of Appeals, Sixth Circuit.
 Jan. 30, 1990.
 
 Before KENNEDY and RALPH B. GUY, Jr., Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Mark L. Dyer, a pro se Kentucky state prisoner, appeals the dismissal of his civil rights action filed under 42 U.S.C. Sec. 1983. Dyer alleged that he had performed services for employees of the Blackburn Correctional Complex, including mechanical repairs of stereo and air conditioning equipment, and had not received payment. He alleged that this amounted to involuntary servitude in violation of the thirteenth amendment. He sought payment for his labor and disciplinary action against the employees. The district court dismissed the action as frivolous pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 3
 Upon consideration, we conclude that this case was properly dismissed, as it lacks any basis in law. See Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). Plaintiff's complaint was subject to dismissal because it at most alleged a deprivation of a liberty or property interest contrary to state law, but did not show that state remedies are inadequate to redress the claim. See Parratt v. Taylor, 451 U.S. 527 (1981).
 
 
 4
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.