912 F.2d 464
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Cardell SPAULDING, Plaintiff-Appellant,
v.
Gary DIXON, Sgt. Allen, Lt. Salmon, John Doe, Defendants-Appellees.
 No. 90-7315.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 10, 1990.
Decided Sept. 4, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, District Judge. (C/A No. 90-153)
 Cardell Spaulding, appellant pro se.
 E.D.N.C.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before K.K. HALL, PHILLIPS and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Cardell Spaulding, a North Carolina inmate proceeding pro se, alleges in his 42 U.S.C. Sec. 1983 complaint that prison officials discriminated against him by retaining him in administrative segregation while releasing other inmates who allegedly were also involved in a possession of contraband incident; that prison officials improperly searched his prison cell; and that he was denied due process when he was placed in administrative segregation pending investigation into a possession of contraband charge and then pending disciplinary review. The district court dismissed the action as frivolous under 28 U.S.C. Sec. 1915(d) and Spaulding appealed. We affirm the district court order in part and vacate and remand in part.
 
 
 2
 A pro se complaint may be dismissed as frivolous under 28 U.S.C. Sec. 1915(d) if there is no factual or legal basis for the complaint. Neitzke v. Williams, 57 U.S.L.W. 4493, 4495 (U.S. May 1, 1989) (No. 87-1882); White v. White, 886 F.2d 721, 723 (4th Cir.1989). In Neitzke, the Supreme Court defined "frivolous" claims as those based on "indisputably meritless legal theories" or "clearly baseless" factual contentions.
 
 
 3
 Spaulding's discrimination claim was properly dismissed as frivolous because his conclusory allegations are not sufficient to state a claim under 42 U.S.C. Sec. 1983. See Chapman v. Reynolds, 378 F.Supp. 1137 (W.D.Va.1974). Spaulding's allegations concerning the search of his prison cell were also properly dismissed as frivolous because prisoners have no legitimate expectation of privacy in their cells. Hudson v. Palmer, 468 U.S. 517 (1984). We therefore affirm that portion of the district court order dismissing those two claims of Spaulding's petition.
 
 
 4
 The Supreme Court has held that if state regulations on administrative segregation in prisons establish a liberty interest, the state must provide an inmate subject to administrative segregation an "informal, nonadversary evidentiary review." Hewitt v. Helms, 459 U.S. 460, 476 (1983). An inmate must receive some notice of the charges against him and an opportunity to present his views to the prison official charged with deciding whether to transfer him to administrative segregation. Id. The Court continued that "[s]o long as this occurs, and the decisionmaker reviews the charges and then-available evidence against the prisoner, the Due Process Clause is satisfied." Id. The Court noted that this procedure must take place "within a reasonable time following an inmate's transfer." Id. at 476 n. 8.
 
 
 5
 Spaulding's petition clearly states that a prison official explained to him that he was placed in administrative segregation pending investigation into charges that he possessed contraband. The record does not establish, however, whether Spaulding was given an opportunity to present his views to the official charged with deciding whether to place him in administrative segregation. There is no indication whether Spaulding received even the "informal, nonadversary review" required by Hewitt. Thus, if North Carolina's regulations on administrative segregation create a protected liberty interest, it cannot be said on this record that there is no factual or legal basis for Spaulding's claim.
 
 
 6
 Accordingly, we vacate that part of the district court's order which dismissed Spaulding's due process claim as frivolous and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.