99 F.3d 1144
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Jake Emil THOMPSON, Appellant,
v.
IMR ADJUSTMENT COMMITTEE; John Sissel; John A. Thalacker;
Kenneth Lewis; Six Unknown Guards, Appellees.
 No. 94-2742.
 United States Court of Appeals, Eighth Circuit.
 Submitted June 13, 1996.
Decided Oct. 4, 1996.
 
 Before BEAM, ROSS, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jake Emil Thompson, a prisoner, appeals the dismissal of his civil rights action as frivolous. Because the complaint does not allege any objectively serious deprivation, we affirm.
 
 
 2
 In his complaint, Thompson alleges that he is classified as a white supremacist and was assigned black cellmates, against his wishes, on four occasions. On two of those occasions no incident ensued. On one occasion, he refused to room with a black cellmate and was disciplined. On another occasion, he got into a fight with his cellmate and was later disciplined for assault. The cellmate was not disciplined. Thompson has since been transferred to another facility for unrelated reasons. In this action, Thompson seeks only monetary damages for mental distress and not injunctive relief.
 
 
 3
 The district court dismissed Thompson's complaint as frivolous under 28 U.S.C. § 1915(d). That section governs proceedings in forma pauperis. Under 28 U.S.C. § 1915(d), the district court must dismiss a complaint as frivolous if it lacks an arguable basis in fact or law. Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 4
 The Eighth Amendment is violated when an inmate is incarcerated under conditions that pose a substantial risk of serious harm and prison officials display deliberate indifference to his safety. Farmer v. Brennan. 114 S.Ct. 1970, 1977 (1994). Not every injury suffered by one prisoner at the hands of another, however, translates into constitutional liability for prison officials responsible for the victim's safety. Id. Prison officials responsible for the victim's safety must only "take reasonable measures to abate substantial risks of serious harm, of which the officials are aware." Reece v. Groose, 60 F.3d 487, 491 (8th Cir.1995). Accordingly, an Eighth Amendment failure to protect claim has two components: (1) an objectively serious deprivation; and (2) a subjectively culpable state of mind. Farmer, 114 S.Ct. at 1977. Absent allegations of both components, no constitutional violation exists. See, e.g., Prater v. Dahm, 89 F.3d 538, 541 (8th Cir.1996) (affirming judgment on the pleadings where prisoner had not alleged subjective component).
 
 
 5
 Here, the facts outlined in Thompson's complaint do not amount to an objectively serious deprivation. He has not alleged that he was injured at the hands of another. He was not put in any position that posed a substantial risk of serious harm. Of the four times he was ordered to room with a black person, he got into only one altercation and then was found to be the aggressor. We agree with the district court that Thompson does not allege a failure to protect claim, but rather seeks a cellmate of his choice. The Constitution does not provide such a right. Ochs v. Thalacker, 90 F.3d 293, 296 (8th Cir.1996); Lyon v. Farrier, 727 F.2d 766, 768 (8th Cir.1984).
 
 
 6
 Accordingly, the judgment of the district court is affirmed.