**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 6 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

USMAN SHEHU SULE,

    Plaintiff-Appellant,

v.

B.R. STORY; L.E. FLEMING;
ROWLETT; A. FENLON,

    Defendants-Appellees.

No. 98-1007
(D.C. No. 95-S-2786)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BRORBY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Usman Shehu Sule, a former federal prisoner appearing pro se, seeks leave to appeal the district court's dismissal of his Bivens action without prepayment of

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

fees.  After reviewing the materials presented by Sule, we deny his request and dismiss this appeal.

While he was incarcerated, Sule filed this civil rights action, alleging (1) his First Amendment rights were violated when prison officials punished him based on the contents of a written grievance he filed calling the warden a racist, a fascist, and a hypocrite; (2) prison officials retaliated against him for filing lawsuits by not allowing him to progress through the prison classification system and thereby denying him the possibility of transferring to a lower security facility; and (3) prison officials improperly confiscated funds deposited into his inmate trust fund account and refused to allow him to participate in the Financial Responsibility Program.  The district court dismissed Sule's first claim without prejudice because of Sule's failure to exhaust administrative remedies, and granted summary judgment for defendants on the two remaining counts.  The court concluded Sule's retaliation claim was "vague and conclusory" and Sule had failed to present any evidence to support the claim.  The court further concluded it was uncontroverted that Sule had authorized prison officials to take money from his trust account to pay for legal photocopying and mailing expenses and that such expenses did not qualify him for the Financial Responsibility Program. Finally, the court rejected Sule's request to conduct additional discovery on his claims.

Following dismissal of his claims, Sule filed a motion for leave to proceed on appeal without prepayment of fees. The district court denied the motion, certifying the appeal was not taken in good faith. See 28 U.S.C. § 1915(a)(3). Pursuant to Fed. R. App. P. 24(a), Sule now asks this court to grant him leave to proceed on appeal in forma pauperis.

We have reviewed Sule's appellate pleadings and the entire record on appeal and conclude this appeal is frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i); see also Neitzke v. Williams, 490 U.S. 319, 327 (1989) (a claim is frivolous if the factual contentions supporting it are clearly baseless, or if it relies on an indisputably meritless legal theory). Accordingly, we agree with the district court that the appeal is not taken in good faith and deny Sule's motion.

The motion for leave to proceed on appeal in forma pauperis is DENIED and the appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge