Otis NORTHROP, a. k. a. Robert Lee Otis, Plaintiff–Appellant,

v.

THE CITY OF DETROIT, et al., Defendants–Appellees.

No. 03–2510.

United States Court of Appeals, Sixth Circuit.

Sept. 16, 2004.

Otis Northrop, Adrian, MI, pro se.

Before KRUPANSKY and CLAY, Circuit Judges; and HAYNES, District Judge.*

*ORDER*

Pro se Michigan prisoner Otis Northrop, a. k. a. Robert Lee Otis, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking "all equitable relief," Northrop filed suit against the City of Detroit, un-

known Michigan government agents, unknown Detroit police officers, and unknown Michigan government entities. Northrop asserted that his detention is unlawful because he was illegally arrested, not promptly arraigned, never indicted or served with an information, and convicted at two fraudulent trials. The district court dismissed the action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(2), reasoning that Northrop could not challenge the fact of his imprisonment in a civil rights action.

In his timely appeal, Northrop essentially reasserts his claim.

This court reviews de novo a district court judgment dismissing a complaint pursuant to § 1915(e)(2). *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997). A complaint may be dismissed as frivolous when the plaintiff does not present any claim with an arguable or rational basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim is factually frivolous when it is based on fanciful factual allegations; claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist. *Id.* at 325, 327–28, 109 S.Ct. 1827.

Upon de novo review, we conclude that Northrop's claim is not cognizable under the civil rights statutes because Northrop challenges the fact of his confinement. In *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court ruled that a prisoner cannot bring a civil rights action directly challenging his confinement, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state

---

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

tribunal, or has otherwise been called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 486–87, 114 S.Ct. 2364. A claim challenging confinement must be dismissed regardless of whether the plaintiff seeks injunctive or monetary relief. *Id.* at 489–90, 114 S.Ct. 2364 (claim for damages is not cognizable); *Preiser v. Rodriguez,* 411 U.S. 475, 488–90, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (claim for injunctive relief is only cognizable under 28 U.S.C. § 2254). Northrop did not allege that his convictions have been overturned.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.