

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-12-2006

# Nyema v. County of Mercer

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1120

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Nyema v. County of Mercer" (2006). *2006 Decisions.* Paper 913.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/913

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-237                                                     NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1120
_____

JOSEPHUS T.Y. NYEMA, SR.,

Appellant

v.

COUNTY OF MERCER; ROBERT D. PRUNETTI, as former county of
Mercer and Mercer County Board of Chosen Freeholders;
JOHN F. RICCI; HARRY G. PARKIN; HARRIS A. KLINE;
DENNIS J. CUNNINGHAM; WILLIAM LAND; THOMAS P. O'DONNELL;
LISA SCHOFIELD; ERIC L. BONE; ARTHIR WILSON; CHERYL A.
MENDENHALL; CHAMAIN AUSTIN; BRIAN M. HUGHES

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.N.J. Civ. No. 04-cv-00506)
District Judge: Honorable Mary L. Cooper

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
May 25, 2006

Before: SLOVITER, MCKEE AND FISHER, CIRCUIT JUDGES

(Filed:  June 12, 2006)

_____

OPINION

_____

PER CURIAM

Josephus T. Y. Nyema, Sr., appeals pro se from an order of the United States District Court for the District of New Jersey granting summary judgment against him in his employment discrimination suit. Nyema, who is Liberian-American, was employed as a corrections officer for Mercer County, New Jersey. Nyema brought this action pro se alleging that Defendants, Mercer County and individual Mercer County employees, discriminated against him on the basis of his race, color, national origin, age, and disability, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the Americans With Disabilities Act ("ADA"). Nyema's amended complaint alleges that Defendants failed to interview him for the position of Warden, rejected him for training and advancement opportunities in the Mercer Emergency Response Team ("MERT"), gave him less favorable work assignments than those given to co-workers, disciplined him more harshly than fellow employees, and retaliated against him for filing internal grievances about the alleged discrimination.

The District Court granted Defendants' motion for summary judgment, holding that Nyema had failed to demonstrate the existence of a genuine issue of material fact with respect to each of his claims. Nyema has been granted permission to proceed in forma pauperis on appeal.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Summary judgment

2

is appropriately granted where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A party opposing a summary judgment motion cannot rest upon the "mere allegations or denials of the adverse party's pleading," but must respond with affidavits or depositions setting forth "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Our close review of the District Court record reveals no basis on which Nyema could withstand Defendants' motion for summary judgment.

As to his Title VII claims, Nyema provided no evidence that he was qualified for the position of Warden and did not demonstrate that Defendants' reason for not choosing him for the MERT position (his unhealed back injury) was pretextual. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507-08 (1993); Kautz v. Met-Pro Corp., 412 F.3d 463, 467-68 (3d Cir. 2005). We agree with the District Court that Nyema's retaliation claims fail, because there is no evidence of a causal link between Nyema's protected activity of filing grievances and his suspensions and eventual termination. See Woodson v. Scott Paper Co., 109 F.3d 913, 920 (3d Cir. 1997). To the contrary, the record clearly shows that Defendants' actions stemmed from a series of disciplinary problems arising from Nyema's poor performance, as well as from his indictment and conviction for forgery in state court.[1]

---

[1]The District Court did not address Nyema's claim that he was given worse work assignments than his co-workers on the basis of his race, color, or national origin. Such a claim is cognizable under Title VII, which prohibits discrimination with respect to "compensation, terms, conditions, or privileges" of employment. See 42 U.S.C. § 2000e-

Finally, we agree with the District Court that, even if Nyema had followed the proper procedure for his age and disability claims by presenting them to the E.E.O.C. prior to raising them in his federal suit, he failed to make out a prima facie case under either the ADEA or ADA. Nyema's back injury made him unqualified for the MERT position, thus preventing him from fulfilling the "qualification" element of the ADEA. See Potence v. Hazleton Area Sch. Dist., 357 F.3d 366, 370 (3d Cir. 2004). Moreover, although the back injury disqualified him for the MERT position, it did not render him "disabled" within the ADA. See 42 U.S.C. § 12102(2)(A) (a disability is "a physical or mental impairment that substantially limits one or more of the major life activities...").

Title 28 U.S.C. § 1915(e)(2)(B)(i) instructs us to dismiss any appeal brought in forma pauperis that lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319 (1989). We have carefully reviewed the record. As the District Court's judgment was clearly correct, Nyema had no arguable legal basis upon which to appeal. Accordingly, Nyema's appeal will be dismissed under § 1915(e)(2)(B). Appellant's motion for the appointment of counsel is denied.

---

2(a)(1); Tharp v. Iowa Dep't of Corr., 68 F.3d 223, 226 (8th Cir. 1995) (shift assignments are a privilege of employment which can implicate Title VII). However, as Nyema provides no evidence which would permit an inference of discriminatory intent, this claim must fail. See E.E.O.C. v. Metal Service Co., 892 F.2d 341, 348 (3d Cir. 1990).