

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-31-2007

# Robinson v. Graves

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5037

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Robinson v. Graves" (2007). *2007 Decisions.* Paper 1051.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1051

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-237                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-5037
_____

CHARLES M. ROBINSON

v.

HON. HENLEY T. GRAVES

_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 06-cv-00504)
District Judge: Honorable Gregory M. Sleet

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
May 17, 2007

BEFORE: BARRY, AMBRO and FISHER, Circuit Judges

(Filed  May 31, 2007)

_____

OPINION
_____

PER CURIAM

        Charles Robinson appeals from the District Court's order dismissing his complaint

as frivolous under 28 U.S.C. § 1915(e)(2)(B).  Because we determine that the appeal is

lacking in arguable legal merit, we will dismiss it under 28 U.S.C. § 1915(e)(2)(B).

According to Robinson's complaint, in 2001 the Honorable Henry Graves, the defendant in this suit, presided over criminal proceedings involving Robinson. In September 2003, Robinson threatened to kill Judge Graves as well as his family. Despite the threat, Judge Graves continued to preside over the case and render decisions affecting Robinson's sentence, rejecting a motion to correct his sentence. Robinson appealed the denial of his motion arguing that Judge Graves was biased and that he was acting as a judge in a case that he had a personal interest in and should, therefore, be recused. The Delaware Supreme Court found no error.

Robinson then filed a pro se action under 42 U.S.C. § 1983 in the United States District Court for the District of Delaware seeking to remove Judge Graves from his case. The District Court, after granting Robinson's motion to proceed in forma pauperis, dismissed his complaint under § 1915(e)(2)(B) based on judicial immunity.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Having granted Robinson leave to proceed in forma pauperis on appeal, we now determine whether his appeal should be dismissed pursuant to § 1915(e)(2)(B). An appeal must be dismissed if it has no arguable basis in law or fact. § 1915(e)(2)(B); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In 1996, Congress amended 42 U.S.C. § 1983 to provide that "injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or

2

declaratory relief was unavailable." <u>Bolin v. Story</u>, 225 F.3d 1234, 1242 (11th Cir. 2000) Robinson complains of actions taken by Judge Graves in his official capacity, no declaratory decree was involved, and he cannot demonstrate that declaratory relief is unavailable. Because his appeal lacks merit, we will dismiss it under § 1915(e)(2)(B).