

Villanova University School of Law Digital Repository

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-26-2009

# Kirtz v. Michael Barkley

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-1881

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Kirtz v. Michael Barkley" (2009). *2009 Decisions.* Paper 1311.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1311

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-172                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-1881

SHAWN KIRTZ,
                              Appellant

v.

MICHAEL BARKLEY

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 09-00863)
District Judge:  Honorable Mitchell S. Goldberg

Submitted under 28 U.S.C. § 1915(e)(2)(B) or for possible summary action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 30, 2009

Before: BARRY, AMBRO and SMITH, Circuit Judges

(Opinion filed: May 26, 2009)

OPINION

PER CURIAM

    Pro se appellant Shawn Kirtz appeals from the dismissal of a lawsuit that he filed

in the U.S. District Court for the Eastern District of Pennsylvania.  In March 2009, Kirtz

filed a one-paragraph complaint that appears to state that he is the rightful owner of

certain property. The complaint provides no additional information regarding the relationship of the defendant to the property or the basis of Kirtz's cause of action. On March 6, 2009, the District Court dismissed the complaint, stating that it was "legally and factually unintelligible" and that "[r]easonable efforts to decipher the nature of the claims have failed to produce an understanding of the harm alleged or the relief sought." The District Court's dismissal order also noted that Kirtz had failed to sign his complaint or include a statement of jurisdiction.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Having granted Kirtz leave to proceed in forma pauperis, we must now determine whether his appeal should be dismissed pursuant to 28 U.S.C. § 1915. Neitzke v. Williams, 490 U.S. 319, 327 (1989). Having reviewed Kirtz's complaint, we agree with the District Court that his claims are legally and factually unintelligible, and that he has failed to present a cognizable cause of action. See Fed. R. Civ. P. 8; Neitzke, 490 U.S. at 327 n.6. Furthermore, Kirtz failed to clarify his claims in his submissions to this Court, and we remain unable to understand the harm alleged or the relief sought.

Accordingly, because this appeal presents no arguable legal issue, we will dismiss it pursuant to 28 U.S.C. 1915(e)(2)(B). We deny Kirtz's motion for a jury trial.

2