MEMORANDUM **
Bryan Davis, Sr., appeals pro se from the district court’s order dismissing his 42 U.S.C. § 1983 action alleging that prison officials interfered with his legal documents and were deliberately indifferent to his safety. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Ramirez v. Galaza, 334 F.3d 850, 853-54 (9th Cir.2003), and we affirm.
The district court properly dismissed Davis’ interference with legal documents claim pursuant to 28 U.S.C. § 1915A(b)(l) because Davis did not demonstrate any actual injury. See Lewis v. Casey, 518 U.S. 343, 348-49, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (explaining that to establish a violation of the right of access to the courts, a prisoner must show that he suffered actual prejudice with respect to contemplated or existing litigation).
Davis’ complaint also asserted that prison officials were liable for an altercation that occurred between him and his cell mate in 2004. Davis asserted that several months before the altercation, he informed officials that he should not be housed with a cell mate and that officials laughed at him and disregarded his request. The district court advised Davis that in order to state a claim for deliberate indifference to safety, he needed to allege that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials knew of and disregarded an excessive risk to his safety. See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994); accord Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir.1995). Davis’ amended complaint, however, failed to allege facts showing that defendants were aware of and disregarded an excessive risk to Davis, or that he had been incarcerated under conditions posing a risk of substantial harm. Accordingly, the district court did not err by dismissing this claim. See Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Anderson, 45 F.3d at 1313.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.