CLD-303                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2471
_____

MICHAEL ALAN CROOKER,
                                                    Appellant

v.

ROBERT WERLINGER, WARDEN

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 10-cv-00108)
District Judge:  Honorable Kim R. Gibson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 30, 2010

Before:  BARRY, FISHER and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>.

(Filed:  October 14, 2010)
_____

OPINION
_____

PER CURIAM

    Michael Alan Crooker, a federal prisoner, filed an action styled as a habeas

petition under 28 U.S.C. § 2241 in the United States District Court for the Western

District of Pennsylvania.  He alleged that his "incoming mail has and continues to be

unduly delayed in violation of [Bureau of Prisons ("BOP")] policy" and that his

"outgoing mail has and continues to be broken into and surreptitiously inspected and read

in violation of BOP regulations." He specifically noted that "I am not attacking my

conviction here," and asked for unspecified declaratory and injunctive relief.

The District Court denied the petition, agreeing with the Magistrate Judge that

Crooker was subject to the "three-strike" rule of 28 U.S.C. § 1915(g),[1] and that he

pursued relief under § 2241 to avoid the filing fee applicable to suits alleging interference

with access to mail. See Bivens v. Six Unknown Named Agents of Fed. Bureau of

Narcotics, 403 U.S. 388 (1971) (recognizing a private cause of action to recover damages

against a federal agent for violations of constitutional rights). Crooker appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. 1291. Because we

have granted Crooker IFP status pursuant to 28 U.S.C. § 1915, we must dismiss the

appeal under 28 U.S.C. § 1915(e)(2)(B) if it lacks an arguable basis in fact or law. See

Neitzke v. Williams, 490 U.S. 319, 325 (1989). We may summarily affirm if the appeal

presents no substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Crooker's § 2241 petition does not challenge the basic fact or duration of his

imprisonment, which is the "essence of habeas." See Preiser v. Rodriguez, 411 U.S. 475,

484, 498-99 (1973). Instead, Crooker complains that prison officials interfered with his

---

[1]That rule provides that a prisoner may not be granted *in forma pauperis* ("IFP") status if, on three or more occasions, he brought an action that was dismissed as frivolous. See 28 U.S.C. 1915(g).

incoming and outgoing mail. These claims have no bearing on the validity of his conviction and a favorable resolution would not result in an earlier release from prison. The claims, therefore, do not reach the "core of habeas," and are not cognizable in a § 2241 petition. See Leamer v. Fauver, 288 F.3d 532, 542-44 (3d Cir. 2002).

For the foregoing reasons, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2).