GLD-331                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1976
_____

ROBERT WASHINGTON,
                                    Appellant

v.

PHILADELPHIA POLICE DEPARTMENT, HOMICIDE UNIT, SUPERVISORS
AUTHORITY OFFICIALS, JOHN DOE; OFFICER ROCKS; OFFICER EDWARD J.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil No. 2-13-cv-00897)
District Judge: Honorable Mary A. McLaughlin
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 11, 2013
Before: FUENTES, FISHER and VANASKIE, Circuit Judges

(Opinion filed: July 22, 2013)
_____

OPINION
_____

PER CURIAM

Robert Washington is a Pennsylvania prisoner. In March 2013, he commenced this

civil action pursuant to 42 U.S.C. § 1983, alleging: (1) in November 2003, he was

wrongfully arrested pursuant to a warrant, taken into custody, and charged with murder,

robbery, and several related crimes; (2) at the time, he was a minor with a long history of drug abuse and a learning disability; (3) he was not administered Miranda warnings; (4) following his arrest, he was harassed, threatened, coerced, tricked, and interrogated outside the presence of his legal guardians and without the benefit of an attorney; and (5) eventually, counsel was appointed, but counsel conspired with the prosecutor and coerced him into pleading guilty to all charges. He claimed mental anguish, shock, embarrassment, slander, libel, and humiliation, as well as violations of his procedural and substantive due process rights under the First, Third, Fourth, Fifth, Eighth, and Fourteenth Amendments. According to Washington, he was unable to file this action previously due to several extraordinary and special circumstances, including his minority, his incompetence, psychotropic medication, and the conditions of his confinement. He sought damages and a declaratory judgment acknowledging the multiple violations of his due process rights.

The District Court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. The District Court concluded that: (1) Washington's claims are barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (to recover damages, a § 1983 plaintiff must prove that his conviction or sentence has been reversed, expunged, declared invalid, or otherwise called into question), see also Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (absent prior invalidation of conviction of sentence, § 1983 action is barred, regardless of remedy sought); (2) to the extent his Fourth Amendment claims were not barred by Heck, see Wallace v. Kato, 549 U.S. 384, 395 n.5 (2007), they were time-barred by Pennsylvania's

2

two-year statute of limitations, see Wallace, 549 U.S. at 387; 42 Pa. Cons. Stat. § 5524; (3) Washington was not entitled to tolling sufficient to maintain his complaint, noting that he had filed habeas petitions in 2007 and 2009, asserting similar claims, see Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 425 (2d Cir. 2008) (explaining that the court may take judicial notice of prior lawsuits); and (4) amendment of his complaint would be futile, see Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Washington appeals pro se. Because we granted him leave to proceed in forma pauperis, we must screen this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous. An appeal is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). We conclude that there is no arguable basis to challenge the District Court's decision to dismiss Washington's complaint for the reasons set forth in its memorandum. We also agree that amendment of his complaint would be futile. Grayson, 293 F.3d at 108. Accordingly, we will dismiss this appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

3