UNITED STATES DISTRICT COURT

SANDRA GRANT, *et al.*,                    )
                                           )
       Plaintiffs,                        )
                                           )
       v.                                 )    Civil Action No.
                                           )
                                           )    14-1102
ERIC HOLDER, *et al.*,                     )
                                           )
       Defendants.                        )

**FILED**

JUN 3 0 2014

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## MEMORANDUM OPINION

This matter comes before the court on review of the plaintiff's application to proceed *in forma pauperis* and her *pro se* civil complaint. The Court will grant the application, and dismiss the complaint with prejudice.

According to the plaintiff, she and her minor children "have suffered abuse stemming from the events and activities coordinated and executed by multiple law enforcement organizations and supporting agencies under the sole authority of the Federal Bureau of Investigation." Compl. ¶ 37. For example, the FBI allegedly "enlisted the assistance of a 'private' mercenary security group . . . Academi . . . to seek the plaintiff and her children to torture, frame, and eventually execute them from what would appear to be a natural death." *Id.* ¶ 3. Further, the FBI and others allegedly "use[d] psychological terrorism to attack [the plaintiff] and her children," *id.* ¶ 6 (emphasis removed), as well as "biological terrorism against the family," *id.* ¶ 7 (emphasis removed), in the form of toxins and radiation, *id.*

Review of the complaint, and the myriad nonsensical and delusional allegations therein, leads the Court to conclude that the complaint must be dismissed in its entirety under 28 U.S.C. § 1915(e)(2) as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact."). Furthermore, the allegations of the complaint "constitute the sort of patently insubstantial claims" that deprive the Court of subject matter jurisdiction. *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009).

An Order consistent with this Memorandum Opinion is issued separately.

DATE: 6-26-14

_____
United States District Judge
J. Boasberg