**E. Alfred BIBBINS, Plaintiff–Appellant,**

v.

**COMCAST CABLEVISION OF THE SOUTH, INC.; Geoff Shook, General Manager; Billy Thornton, General Sales Manager; Billy Finley, Ad Sales; National Aeronautical Space Administration; TV–Guide; Pat, Defendants–Appellees.**

No. 02–5015.

United States Court of Appeals, Sixth Circuit.

Aug. 12, 2002.

Before SUHRHEINRICH and BATCHELDER, Circuit Judges; and LITTLE, District Judge.*

*ORDER*

E. Alfred Bibbins appeals pro se from a district court judgment that denied his motion for leave to proceed *in forma pauperis* ("IFP") in a civil rights action that he had filed under 42 U.S.C. §§ 1983 through 1987. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

---

* The Honorable F.A. Little, Jr., United States District Judge for the Western District of Lou-

isiana, sitting by designation.

The complaint indicates that Bibbins had used the defendants' facilities to broadcast several cable television programs. He primarily alleged that the defendants had thwarted his attempt to build a multi-station television empire, by providing poor quality transmission, by misquoting the cost of a fibre-optic line, and by ultimately discontinuing their services. The district court denied Bibbins's motion for pauper status on December 4, 2001, as it appeared that he was not indigent. It is from this judgment that Bibbins now appeals.

We review the denial of an IFP motion for an abuse of discretion. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir.1988). The district court did not abuse its discretion here because Bibbins's declaration indicated that paying the filing fee would not deprive him of the basic necessities of life. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339, 69 S.Ct. 85, 93 L.Ed. 43 (1948). Nevertheless, we note that the denial of Bibbins's motion was also appropriate because his claims lacked an arguable basis in law. *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Bibbins now primarily argues that the district court judge was biased against him. However, a careful review of the record reveals no clear evidence of judicial bias in the case at hand. *See Liteky v. United States*, 510 U.S. 540, 555–56, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.