**Joe Clark MITCHELL, Plaintiff–Appellant,**

**v.**

**CORRECTIONS CORPORATION OF AMERICA, et al., Defendants–Appellees.**

No. 02–5379.

United States Court of Appeals, Sixth Circuit.

Nov. 4, 2002.

Before MERRITT and GILMAN, Circuit Judges; and TARNOW, District Judge.*

*ORDER*

Joe Clark Mitchell, a Tennessee prisoner proceeding pro se, appeals the district

---

* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District

court order dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Mitchell sued the Corrections Corporation of America (CCA), CCA mail room staff, CCA grievance staff, Assistant Warden Lonzo Duncan, and Assistant Commissioner of the Tennessee Department of Correction Jim Rose. Mitchell alleged that the defendants: (1) violated his right of access to the courts by preventing him from using the prison mail room and by delaying his attempts to send legal mail; and (2) retaliated against him for filing grievances by interfering with a Christmas card addressed to his sister and searching his cell repeatedly. The district court granted Mitchell in forma pauperis status, screened the complaint, and dismissed the complaint as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915(e). The court held that Mitchell's allegations were contradictory and showed that he did have access to the mail room, that he was not prejudiced by the delays in sending his legal mail, and that the defendants' alleged retaliatory acts were not sufficient to deter an ordinary person from writing grievances.

In his timely appeal, Mitchell argues that: (1) the district court erred by finding that he had access to the mail room; (2) the defendants violated prison policy when they refused to send his legal mail; and (3) the timing of the defendants' actions showed that they were retaliatory.

This court reviews de novo a district court's decision to dismiss under 28 U.S.C.

§ 1915(e)(2). *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997).

██ Upon review, we conclude that the district court properly dismissed Mitchell's access to the courts claims as frivolous. Mitchell did not allege sufficient facts to show that he was prejudiced in his state court case. *See Lewis v. Casey,* 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). He claimed that he was unable to use the prison mail room because he worked during the hours the mail room was open and that the defendants improperly refused to give him postage under a prison mail policy. Mitchell also claimed that the denial of postage caused him to miss a deadline for sending a response to a motion for summary judgment and prevented him from sending a timely notice of appeal.

First, Mitchell did not identify any harm caused by the prison mail room hours. He expressed dissatisfaction with the overlap between his prison job and the mail room hours but did not claim that these hours hindered him in any litigation. Moreover, although Mitchell alleged he could not get to the mail room at all, he also mentioned occasions when he was able to visit the mail room and send mail. Second, the defendants did not cause Mitchell to lose his state court case. The district court found that it appeared that Mitchell did not receive the thirty-day notice of a motion for summary judgment he was entitled to under Tennessee court rules. Mitchell failed to call the matter to the court's attention before the court dismissed the case. Accordingly, the mail room staff's failure to give Mitchell postage did not cause Mitchell's state court case to be dismissed.

Third, the defendants did not cause Mitchell to miss his chance to overturn the

of Michigan, sitting by designation.

state court's decision. Mitchell alleged that he had only ten working days to file a notice of appeal or a motion to alter or amend the state court's November 1, 2001, judgment. Under Tennessee court rules, Mitchell had thirty days to file a motion to amend the judgment under Tenn. R. Civ. P. 59.04, a "reasonable time" to move for relief under Rule 60.02(1), up to one year under Rule 60.02(5), and thirty days to file a notice of appeal. Tenn. R.App. P. 4. Thus, Mitchell's November 15, 2001, mailing, allegedly delayed one day because of a dispute over his indigent status, should have been timely. Indeed, Mitchell did not even allege that the state trial or appellate court denied him relief because of the alleged one-day delay. Thus, Mitchell's allegations did not show that he was prejudiced in his state court case. Mitchell's access to the courts claims lack an arguable basis in fact and are frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

 We also agree with the district court that Mitchell failed to state a retaliation claim. Mitchell claimed that the defendants retaliated against him for filing grievances by opening a Christmas card he was sending to his sister and by searching his cell repeatedly. Mitchell's allegations do not satisfy the elements of a retaliation claim. *See Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). The one-time interference with his mail was not sufficient to deter a person from filing grievances. Indeed, Mitchell continued to file grievances after the Christmas card incident. Mitchell's claim that his cell was searched in retaliation for filing grievances was conclusory and unsupported by factual allegations. He presented no proof that the defendants were motivated even in part to search Mitchell's cell because of the grievances he filed. Mitchell's bare allegation of malice was not enough to

establish a retaliation claim. *See Crawford–El v. Britton*, 523 U.S. 574, 588, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998); *Thaddeus–X*, 175 F.3d at 399.

Mitchell's access to the courts claims were frivolous, and his allegations did not state a retaliation claim. For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.