**Dexter McMILLAN, Plaintiff–Appellant,**

v.

**Robert C. EDWARDS, Defendant–Appellee.**

No. 02–5132.

United States Court of Appeals, Sixth Circuit.

Dec. 9, 2002.

Before KRUPANSKY, SILER, and COLE, Circuit Judges.

*ORDER*

Dexter McMillan, a Tennessee prisoner proceeding pro se, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking compensatory and punitive damages, McMillan sued attorney Robert C. Edwards complaining about the representation he received from Edwards during criminal proceedings in 1988. The district court determined that the complaint was frivolous and otherwise failed to state a claim upon which relief may be granted and dismissed the complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A. This timely appeal followed.

This court reviews de novo a district court's decision to dismiss under 28 U.S.C. §§ 1915(e) and 1915A. *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997). A case is frivolous if it lacks an arguable basis either in law or in fact. *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). In determining whether a complaint fails to state a claim, this court construes the complaint in the light most favorable to the plaintiff, accepts his factual allegations as true, and determines whether he can prove any set of facts in support of his claims that would entitle him to relief. *See Turker v. Ohio Dep't of Rehab. and Corr.,* 157 F.3d 453, 456 (6th Cir.1998).

Upon review, we conclude that the district court properly dismissed McMillan's complaint for the reasons stated by that court. First, McMillan's complaint is time-barred. State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *See Wilson v. Garcia,* 471 U.S. 261, 268–69, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). The one-year statute of limitations period contained in Tenn. Code Ann. § 28–3–104(a)(1) applies to civil

rights claims arising in Tennessee. *See, e.g., Jackson v. Richards Med. Co.,* 961 F.2d 575, 578 (6th Cir.1992). Since the applicable statute of limitations began to run on McMillan's claim in 1988, and since this action was not filed until December 6, 2001, McMillan's complaint against defendant Edwards is barred by the applicable statute of limitations.

Second, to state a cause of action under § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *See Flagg Bros. v. Brooks,* 436 U.S. 149, 155–57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); *Brock v. McWherter,* 94 F.3d 242, 244 (6th Cir.1996). As a lawyer representing a client, Edwards was not a state actor within the meaning of § 1983. *See Polk County v. Dodson,* 454 U.S. 312, 318,

102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Catz v. Chalker,* 142 F.3d 279, 289 (6th Cir. 1998).

Finally, having found no basis for federal jurisdiction, the district court properly declined to exercise jurisdiction over any supplemental state law claims which McMillan may have had. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.