

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-9-2005

# Walker v. Guzzi

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2525

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Walker v. Guzzi" (2005). *2005 Decisions.* Paper 131.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/131

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-8                                                     **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

NO. 05-2525
_____

EDWIN WALKER,

Appellant

v.

WILLIAM GUZZI

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 03-cv-6193)
District Judge: Honorable Eduardo C. Robreno

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
October 14, 2005

ROTH, FUENTES AND VAN ANTWERPEN, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed:  December 9, 2005)

_____

OPINION

_____

PER CURIAM

      Edwin Walker appeals the District Court's order dismissing his complaint against

William Guzzi for lack of service. Walker filed a complaint against several defendants including William Guzzi. The District Court severed Walker's claims against Guzzi, created a new case, and subsequently dismissed the claims against Guzzi for lack of service.[1] Walker filed a timely notice of appeal.

Because Walker is proceeding in forma pauperis, we must we must analyze his appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). Under § 1915 (e)(2)(B), we must dismiss an appeal if the action (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary damages from a defendant with immunity. An action or appeal can be frivolous for either legal or factual reasons. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In his complaint, Walker alleged that Guzzi committed perjury. However, Guzzi is entitled to immunity as a witness. See Brisco v. LaHue, 460 U.S. 325 (1983). Moreover, to the extent that success on this claim would imply the invalidity of Walker's conviction, his claims are not cognizable. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Thus, Walker's allegations against Guzzi fail to state a claim.

For the above reasons, we will dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B)(ii). Walker's motion for the appointment of counsel is denied.

---

[1] Walker was unable to supply an address for Guzzi.