

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-21-2006

# Rodenbaugh v. Augello

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3778

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Rodenbaugh v. Augello" (2006). *2006 Decisions*. Paper 859.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/859

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3778
_____


DAPHNE MARIE RODENBAUGH,

Appellant

v.

JOSEPH M. AUGELLO
_____


On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-01444)
District Judge: Honorable James M. Munley
_____


Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
May 25, 2006

BEFORE:  BARRY, SMITH AND NYGAARD, CIRCUIT JUDGES

(Filed:  June 21, 2006)
_____

OPINION
_____

PER CURIAM

        Daphne Marie Rodenbaugh appeals from the District Court's order

dismissing sua sponte her civil rights complaint pursuant to 28 U.S.C. §

1915(e)(2)(B)(iii).

On July 19, 2005, Rodenbaugh, a resident of Luzerne County, Pennsylvania proceeding in forma pauperis, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that the defendant, a Luzerne County Court of Common Pleas Judge presiding over a civil suit brought by Rodenbaugh, caused her emotional distress and depression by denying her "second amendment to proceed in forma pauperis." She sought $500,000 in damages. The District Court dismissed the action under the authority of 28 U.S.C. § 1915(e)(2), holding that her action was barred by the doctrine of absolute judicial immunity because the defendant's alleged actions were within his jurisdiction. Rodenbaugh timely appealed.

Rodenbaugh was granted leave to proceed in forma pauperis, and the appeal is now before the Court for determination pursuant to 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B), a court must dismiss an action or appeal if it (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary damages from a defendant with immunity. An action or appeal can be frivolous for either legal or factual reasons. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

After reviewing Rodenbaugh's District Court pleadings and notice of appeal, we conclude that the District Court correctly dismissed the Complaint for the reasons set forth in the District Court's memorandum opinion. Having found no legal merit to this matter, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B). Appellant's motion to expedite the appeal and judgment is denied.

2