

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-12-2006

# Koger v. Kaplan Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3375

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Koger v. Kaplan Inc" (2006). *2006 Decisions*. Paper 756.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/756

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

EPS-21                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3375
_____

TODD ELLIOTT KOGER,
                                                    Appellant
vs.

KAPLAN INC., d/b/a KAPLAN UNIVERSITY; KAPLAN COLLEGE;
KAPLAN COLLEGE .COM, AND/OR; CONCORD UNIVERSITY OF LAW
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 05-cv-00434)
District Judge: Honorable Judge David S. Cercone
_____

Submitted For Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
January 25, 2006
Before: FISHER, ALDISERT AND WEIS,  Circuit Judges.
Filed: July 12, 2006
_____

OPINION
_____

PER CURIAM.

Appellant, Todd Elliot Koger, appeals the District Court's order dismissing

his pro se civil rights complaint.  Upon consideration of the record, we conclude that the

appeal presents no arguable issues of fact or law.  Thus, we will dismiss it pursuant to 28

U.S.C. §  1915(e)(2)(B).

1

In March 2005, Koger filed the underlying complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Western District of Pennsylvania together with a motion seeking a temporary restraining order, alleging that he was unconstitutionally denied readmission into an online law school program. As noted by the District Court, Koger's allegations were essentially predicated on same events and circumstances underlying a nearly identical action docketed at W.D. Pa. Civ. No. 03-cv-01400. That action was dismissed by the District Court with judgment being entered in favor of the named defendants. We affirmed that judgment. See C.A. No. 05-3702.

As the District Court correctly pointed out, the only new averment of legal significance is one alleging that defendants have refused to respond to Koger's numerous "petitions" for readmission, purportedly on the basis of his failure to comply with an e:mail directive from Associate Dean Cassandra Colchagoff indicating that appellant include in his readmission application a statement noting that he "understand[s] the nature and severity of the actions that led to [his] suspension and what actions [he] will take to avoid further violations." Koger alleges that this requirement of readmission is an act of retaliation for his complaints of race discrimination, and amounts to a violation of numerous constitutional, statutory and common law rights.

The District Court, however, concluded that Koger's complaint fails to state a claim upon which relief can be granted or is otherwise based on an indisputably meritless legal theory. We agree. The District Court correctly determined that, because the record in civil action 03-cv-01400 establishes that Koger could not prevail against

2

defendants on his claims of discrimination based on the events leading to his suspension, it follows that they cannot be held to have violated his constitutional or statutory rights by simply requiring him to seek readmission in accordance with Concord's applicable school policies and procedures, which are neutral and rational on their face. We further agree with the District Court's determination that the mere repeated denials of readmission petitions, in and of itself themselves, do not provide a basis for a federal cause of action.

Accordingly, we will dismiss appellant's appeal pursuant to 28 U.S.C. § 1915(e)(2)(B), as it is lacking in legal merit. Neitzke v. Williams, 490 U.S. 319 (1989).