

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-21-2007

# Algieri v. Vanaskie

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4238

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Algieri v. Vanaskie" (2007). *2007 Decisions.* Paper 1442.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1442

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**ALD-158** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4238
_____

SAL ALGIERI,

Appellant

v.

JUDGE THOMAS VANASKIE
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 06-cv-01814)
District Judge: Honorable A. Richard Caputo
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
March 15, 2007

Before: SLOVITER, CHAGARES AND GREENBERG, <u>CIRCUIT JUDGES</u>

(Filed: March 21, 2007)

_____

OPINION
_____

PER CURIAM

     Sal Algieri, a resident of Peckville, Pennsylvania, appeals from the district court's

order, entered on September 19, 2006, dismissing his complaint with prejudice as legally

and factually frivolous.  See 28 U.S.C. § 1915(e)(2)(B).  For the following reasons, we will likewise dismiss Algieri's appeal.[1]  See id.

A specific account of the facts underlying Algieri's allegations—to the extent such facts can be divined from his complaint—is unnecessary.  Put simply, Algieri alleged impropriety on the part of Judge Thomas Vanaskie in connection with an alleged visit paid to Algieri's home by two U.S. Marshals.  Our review shows that it is beyond question that Algieri's claims "rely on an 'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario."  Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (citing Neitzke v. Williams, 490 U.S. 319, 327-28 (1989)).  Thus, the district court's order dismissing the complaint was plainly correct.  We also note, as evidenced by a cadre of exhibits attached to Algiere's complaint, that the complaint under review is just one in a series of similar ad hominem attacks directed at judges who fail to rule in Algieri's favor in various cases in which he is, or has been, involved.  We will not facilitate the continuation of such conduct in this court.  Given the above discussion, we agree with the district court that there was no need to provide Algieri an opportunity to further amend his complaint because any amendment would have ultimately proven futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (noting that amendment "must be permitted . . . unless it would be inequitable or futile").

---

[1] This court has jurisdiction over this appeal under 28 U.S.C. § 1291.

Accordingly, this appeal will be dismissed under 28 U.S.C. § 1915(e)(2)(B).