

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-6-2007

# USA v. Foster

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4826

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Foster" (2007). *2007 Decisions*. Paper 997.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/997

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**CLD-238**                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 06-4826

———————————

UNITED STATES OF AMERICA

v.

BALDWIN NEAL FOSTER
a/k/a Ringo Foster,

Baldwin Neal Foster, Appellant

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Crim. No. 94-cr-00071-2)
District Judge: Honorable William W. Caldwell

———————————————

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
May 17, 2007

Before:   RENDELL, SMITH AND JORDAN, <u>CIRCUIT JUDGES</u>

(Filed: June 6, 2007)

———————————

OPINION

———————————

PER CURIAM

   Appellant Baldwin Neal Foster, a citizen and now a resident of Jamaica, was

indicted in United States District Court for the Middle District of Pennsylvania for,

among other offenses, conspiracy to distribute 50 grams or more of crack cocaine. In July 1994, he pleaded guilty to distributing crack cocaine. Subsequently, he moved to withdraw the plea, alleging that his counsel had pressured him into pleading guilty and that the plea was involuntary. He requested a psychiatric evaluation on the ground that his extensive use of cocaine had caused him to suffer auditory and visual hallucinations. Foster was evaluated by a psychologist, who determined that he suffered from cocaine abuse and dependence, but otherwise he was malingering. He was determined to be competent to enter a guilty plea, participate in sentencing, and, if necessary, to stand trial.

A hearing was scheduled at which Foster was represented by new counsel. He chose to proceed to sentencing on the plea of guilty previously entered. He asked the District Court for a downward departure or probation on the ground that an immigration detainer had been lodged against him and he was subject to deportation anyway. The District Court declined to grant him one on that basis. The court calculated the guideline range at 33 to 41 months, and sentenced Foster to a term of imprisonment of 36 months, to be followed by 4 years of supervised release. The judgment of sentence provided that, if Foster was ordered deported, supervised release would be on a non-reporting basis. We affirmed on appeal in United States v. Foster, C.A. No. 95-7363 (3d Cir. February 1, 1996).

In July 1996, Foster filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, in which he claimed that (1) his sentence was imposed in violation of due process because the government failed to prove that he distributed "crack" cocaine as opposed to

powder cocaine; (2) counsel was ineffective for (a) failing to recognize that "cocaine base" and "crack" are the same chemical compound, (b) failing to request an independent psychological evaluation, (c) failing to present a letter written by a co-defendant that would have exonerated him, (d) failing to argue at sentencing that he was a victim for purposes of a downward departure, and (e) failing to perfect an appeal; and (3) the court failed to follow the "rule of lenity" in sentencing him. The District Court denied the section 2255 motion, and we denied Foster a certificate of appealability in Foster v. United States, C.A. Nos. 96-7618 & 96-7774 (3d Cir. April 1, 1997).

Foster served his sentence, during which time he unsuccessfully petitioned the District Court for collateral relief on several other occasions. On June 21, 2000, he was deported to Jamaica.

In July 2006, Foster filed a petition for writ of error coram nobis in United States District Court for the Middle District of Pennsylvania, in which he raised numerous challenges to his conviction and sentence, including new challenges to the voluntariness of his plea and counsel's stewardship with respect to his guilty plea. He sought relief on the basis of United States v. Castro, 26 F.2d 557 (5th Cir. 1994). In an order entered on September 8, 2006, the District Court denied the petition. The court reasoned that, under the law of this circuit, although Foster was no longer in custody and had suffered the collateral consequence of deportation, see United States v. Stoneman, 870 F.3d 102, 105-06 (3d Cir. 1989); United States v. Cariola, 323 F.2d 180, 182 (3d Cir. 1963), coram nobis is an extraordinary remedy and was not appropriate in his case because he had not

3

shown that he had reasonable grounds for not raising the challenges to his guilty plea earlier. The court noted that Foster was aware of the deportation consequences of his guilty plea at the time of sentencing.

Foster appeals. Our Clerk granted him leave to appeal in forma pauperis.

We will dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous when it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Coram nobis may be used to attack a conviction with continuing consequences when the petitioner is no longer in custody for purposes of 28 U.S.C. § 2255. Stoneman, 870 F.2d at 105-06. However, it is an extraordinary remedy, and the standard for granting relief is more stringent than even the standard applicable to section 2255 motions. Id. at 106. We conclude that Foster's assertions of error are unexceptional, could have been raised earlier, and do not warrant coram nobis relief. Something much more fundamental-- the assertion of an error that resulted in a conviction for conduct not constituting a crime, for example -- is required before coram nobis relief may be granted. United States v. Osser, 864 F.2d 1056, 1059 (3d Cir. 1988). Nothing of the kind has been asserted here.

The Castro decision does not support relief simply because the Fifth Circuit did not deny relief on the ground that the alien could have raised his claims previously under 28 U.S.C. § 2255. In Castro, 26 F.3d 557, counsel failed to move for a Judicial Recommendation Against Deportation ("JRAD"), a discretionary action by which a court could prevent the deportation of an individual convicted of a crime involving moral

4

turpitude, 8 U.S.C. § 1251 (1990).  The Fifth Circuit held that coram nobis relief was available.  The JRAD, however, was repealed by the Immigration Act of 1990, as of November 29, 1990, <u>Castro</u>, 26 F.3d at 558 n.1.  It was not available when Foster was sentenced.  Moreover, even when it was an available means of relief, such relief was precluded for an alien who had committed a controlled substance violation, 8 U.S.C. § 1251(b).

We will dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B)(i).

_____