

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-10-2007

# Mawson v. Luzerne Cty Ct

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4971

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Mawson v. Luzerne Cty Ct" (2007). *2007 Decisions.* Paper 791.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/791

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-286                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4971
_____

ROBERT MAWSON; ROBBIE MAWSON, Minor Plaintiff; CARISSA MAWSON

v.

COURT OF COMMON PLEAS OF LUZERNE COUNTY, PENNSYLVANIA

Robert Mawson,

Appellant
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 06-cv-02150)
District Judge:  Honorable Thomas I. Vanaskie
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
June 28, 2007
Before: SLOVITER, CHAGARES AND GREENBERG, <u>CIRCUIT JUDGES</u>

(Filed    July 10, 2007 )
_____

OPINION
_____

PER CURIAM

    Robert Mawson appeals from the dismissal of his complaint by the United States

District Court for the Middle District of Pennsylvania.  We will dismiss the appeal

pursuant to 28 U.S.C. § 1915(e)(2)(B).

In the aftermath of a custody dispute, Mawson—on behalf of himself and his children—filed a complaint accusing the Court of Common Pleas for Luzerne County ("CCP") of "maliciously design[ing] and carr[ying]-out a process" to, among other things, deny him and his children "their Constitutional right to family bond, associate and visitation." The District Court construed Mawson's complaint as asserting civil rights claims under 42 U.S.C. § 1983,[1] but dismissed it because the CCP is not a "person" subject to liability for federal civil rights violations. Mawson timely appealed and applied to proceed in forma pauperis.

Initially, we note that we have appellate jurisdiction despite the District Court's dismissal without prejudice because Mawson has elected to stand on his complaint. Lucas v. Township of Bethel, 319 F.3d 595, 600 (3d Cir. 2003). Having granted Mawson leave to proceed in forma pauperis, we must now determine whether his appeal should be dismissed as lacking an arguable basis in law or fact pursuant to 28 U.S.C. § 1915. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Section 1983 imposes liability only upon "persons" who deprive others of "any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. And neither states nor divisions of state government are "persons" for purposes of § 1983 liability. Will v. Mich. Dep't of State Police, 491 U.S. 58, 70-71 (1989). Due to Pennsylvania's unitary court system, we consider all Pennsylvania courts, including the

---

[1] Despite Mawson's assertion that the District Court erred in analyzing his complaint under § 1983, there appears to be no other legal basis for his claims—all of which accuse the CCP of violating his constitutional rights. Accordingly, we will also review his complaint as falling within the ambit of § 1983.

CCP, to be state entities not subject to § 1983 liability. <u>Callahan v. City of Phila.</u>, 207 F.3d 668, 672-73 (3d Cir. 2000). As such, Mawson's claims are without legal merit, and we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B). As a result of our disposition, we deny Mawson's motion for appointment of counsel as moot.