**DLD-168**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4745
_____

RICHARD L. BLANCHARD,
Appellant

v.

REIGLE; R. WOLEVER; FREAS; M. CASSELL; STEVE JABLONSKI;
R. MARTINEZ; SCOTT DODRILL; HARRELL WATTS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-09-cv-01232)
District Judge:  Honorable William W. Caldwell
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 21, 2011

Before:  BARRY, FISHER and ROTH, <u>Circuit</u> <u>Judges</u>.

(Filed: June 9, 2011)
_____

OPINION
_____

PER CURIAM

    Richard Blanchard, proceeding pro se, appeals from the District Court's entry of

judgment against him.  For the reasons that follow, we will dismiss the appeal pursuant to

28 U.S.C. § 1915(e)(2)(B).

The instant action originated when Blanchard slipped and fell on the ice while incarcerated at USP-Allenwood, White Deer, Pennsylvania, on February 4, 2008. He claims that he informed Officer Reigle that he injured his knee in the fall, and was told to report to medical the following day instead of the same day. He further alleges that he told Unit Manager Wolever that he had fallen and Wolever told Blanchard he would inform the Assistant Health Services Administrator, but failed to do so, and that both Security Guard Freas and Security Guard Cassell prevented him from attending his medical appointment on February 5, 2008. Blanchard was seen by Physician Assistant Jablonski in Health Services on February 6, 2008. Blanchard asserts that Jablonski refused to issue him any pain pills, treatments, or aids, and that, as of the date the complaint was filed, he still had not received an MRI. Finally, Blanchard complains that the remaining defendants, Warden Martinez, Regional Director Dodrill, and Headquarters Director Watts denied him relief during the administrative remedy process. In June 2009, Blanchard initiated the underlying action in the United States District Court for the Middle District of Pennsylvania pursuant to Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971), claiming that each of these defendants denied him his Eighth Amendment right to medical care.

Appellees moved to dismiss and for summary judgment. They argued that all of the non-medical defendants should be dismissed due to Blanchard's failure to allege that any of them had knowledge of a substantial risk to Blanchard's health or safety. They further argued that summary judgment should be entered in favor of PA Jablonski, as the

record reflected that he provided Blanchard with extensive medical care, both for his knee and a variety of other ailments. Specifically, Blanchard's medical records reflect that Jablonski examined Blanchard's knee on February 6, 2008, requested an MRI and an orthopedic consult, advised Blanchard to use warm compresses in the meantime, and to return to sick call if necessary. According to his medical records, on March 4, 2008, Blanchard refused to discuss the lab results from February 6, 2008 with PA Jablonski. On May 15, 2008, Blanchard was examined by an orthopedic surgeon, who diagnosed Blanchard with degenerative joint disease with internal derangement. The surgeon gave Blanchard an injection for his knee, ordered an MRI, and recommended that Blanchard ice his knee in the interim. On September 11, 2008, Blanchard was scheduled to see Dr. Brady in order to determine whether he needed an MRI. However, Blanchard refused to attend the appointment, indicating that he was afraid of the officers who came to escort him to the appointment. The records further reflect that Blanchard was regularly seen by the medical staff for a variety of ailments, and did not indicate that he was suffering from ongoing knee pain.

Blanchard filed a cross-motion for summary judgment, maintaining that he was denied prompt medical care by Appellees Reigle, Wolever, Freas, and Cassell, that Jablonski failed to provide him with any medical care whatsoever, that he was told to purchase pain medication from the commissary, and that he was denied a walking aid. Blanchard argued that in submitting records reflecting the overall level of medical care he received, Appellees disguised the lack of medical care he received relating to his knee

3

injury.  He also requested discovery regarding the treatment provided specifically for his right knee.

On October 22, 2010, the District Court granted Appellees' motion to dismiss as to Appellees Martinez, Dodrill and Watts, as Blanchard failed to allege any personal involvement on their parts in the provision of his medical care.  See Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (explaining that "each government official, his or her title notwithstanding, is only liable for his or her own misconduct"); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (same).  With respect to the allegations that Appellees Riegle, Wolever, Freas and Cassell violated his Eighth Amendment rights by delaying his access to medical care, the Court held that Blanchard failed to demonstrate that these Appellees acted with deliberate indifference to a serious risk to his health.  See Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (holding that, to state a claim for an Eighth Amendment denial of medical care, a plaintiff must show "(1) that the defendants were deliberately indifferent to their medical needs and (2) that those needs were serious").  As the District Court explained, Blanchard was able to ambulate on the day of the accident and did not have any obvious or visible injuries.  Additionally, there was no evidence to suggest that Blanchard was prevented from leaving the unit during open move periods or meals.  Thus, there was no basis on which to infer that any of these Appellees consciously disregarded a serious risk to his health or prevented him from receiving necessary medical treatment.  See id.

Finally, the Court entered summary judgment in favor of PA Jablonski, as it was undisputed that Jablonski provided Blanchard with extensive medical care for a variety of ailments, including his knee. Additionally, the Court found that there was no evidence that Jablonski played any role in denying or cancelling Blanchard's MRI. As the Court noted, Blanchard's allegations at most amount to a disagreement as to whether he received the proper medical treatment and, as such, were insufficient to support an Eighth Amendment claim for the denial of medical care. See Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987). In light of its ruling, the Court denied Blanchard's motion for discovery, noting in addition that Blanchard had not indicated that he had sent Appellees any discovery requests to which they failed to respond. Blanchard appealed and requests the appointment of counsel on appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Because Appellant has been granted in forma pauperis status pursuant to 28 U.S.C. § 1915, we review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). An appeal must be dismissed under § 1915(e)(2)(B) if it has no arguable basis in fact or law. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). We review the District Court's decision to grant a motion to dismiss de novo. See Dique v. N.J. State Police, 603 F.3d 181, 188 (3d Cir. 2010). We also exercise plenary review over the District Court's entry of summary judgment, viewing the underlying facts and all reasonable inferences therefrom in the light most favorable to the non-moving party. See Ray v. Twp. of Warren, 626 F.3d 170, 173 (3d Cir. 2010).

5

For all of the reasons given by the District Court, we agree with its resolution of Blanchard's claims. Viewing all facts and inferences in Blanchard's favor, we agree that Blanchard failed to demonstrate that any of the Appellees deprived him of his Eighth Amendment right to medical care. Additionally, there is no indication that any further discovery would affect the outcome of this case. See Fed. R. Civ. P. 56(d). Because the District Court properly resolved all of Appellant's claims, we conclude that this appeal must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Blanchard's motion for the appointment of counsel is denied.