GLD-339                                                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2293
_____

JERRY A. CHAMBERS, SR.,
Appellant

v.

RENEE C. HUGHES; CHARLES P. MIRARCHI, III, ;
NORMAN SCOTT; JULES EPSTEIN; EARL G. KAUFFMAN;
IAN HOOD
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-13-cv-02017)
District Judge:  Honorable Gene E. K. Pratter
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 18, 2013

Before:  FUENTES, FISHER and VANASKIE, Circuit Judges

(Opinion filed: July 29, 2013)
_____

OPINION
_____

PER CURIAM

 Jerry A. Chambers appeals from the District Court's order dismissing his

complaint.  For the following reasons, we will dismiss the appeal as frivolous.

I.

Chambers, a Pennsylvania prisoner, filed a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983. Chambers is seeking monetary damages stemming from an alleged wrongful arrest and murder conviction in 2003 and 2005, respectively. The United States District Court for the Eastern District of Pennsylvania granted Chambers's in forma pauperis ("IFP") application and evaluated the complaint pursuant to 28 U.S.C. § 1915(e)(2). The District Court dismissed the case as frivolous and for failure to state a claim. Chambers timely appealed and moves for us to appoint counsel for the appeal.

II.

We have jurisdiction under 28 U.S.C. § 1291, and we exercise plenary review over the District Court's dismissal. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To survive dismissal for failure to state a claim, a plaintiff's complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We will dismiss the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), as it lacks an arguable basis either in law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The District Court correctly noted that Chambers's claims are frivolous because the defendants, which include the trial court judge, witnesses, and Chambers's public defender attorneys, cannot be sued under 42 U.S.C. § 1983. Specifically, judges are immune from suit under § 1983 for monetary damages arising from their judicial acts, see

2

Gallas v. Supreme Court of Pa., 211 F.3d 760,768 (3d Cir. 2000), and witnesses are immune from suit with respect to any claim based on the witnesses' testimony, see McArdle v. Tronetti, 961 F.2d 1083, 1085 (3d Cir. 1992). Public defenders are not state actors for § 1983 purposes because they are not acting under the color of state law when performing the traditional functions as counsel to a defendant in a criminal proceeding. See Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981).

Furthermore, in order for a prisoner to recover damages under § 1983 where the award would imply the invalidity of the conviction, he must prove that the conviction or sentence has already been invalidated. See Heck v. Humprey, 512 U.S. 477, 486-87 (1994). Because Chambers's conviction has not been invalidated, his claims are barred. Chambers appears to argue that conflicting evidence was presented at his trial, but that is a question for the fact finder, not this Court. Additionally, Chambers has incorrectly attempted to use § 1983 to challenge his convictions when such challenges are only cognizable in habeas proceedings after exhausting state remedies as required by 28 U.S.C. § 2254(b) and (c). See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

For the reasons given, we agree with the District Court's determination and we will dismiss Chambers's appeal as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). See Neitzke v. Williams, 490 U.S. 319, 325 (1989). Furthermore, Chambers's motion to appoint counsel is dismissed as moot.

3