**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 26, 2021[*]
Decided March 26, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 20-2267

| | |
|---|---|
| BRIAN REID,<br>    *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:19-CV-1164-PPS-MGG |
| GEORGE PAYNE, JR., et al.,<br>    *Defendants-Appellees*. | Philip P. Simon,<br>*Judge*. |

**O R D E R**

Brian Reid, an inmate at Indiana State Prison, appeals the dismissal of his second amended complaint, in which he alleged that prison officials had conspired to drug his food. This amended complaint did not include unrelated allegations about the

---

[*] Appellees were not served with process in the district court and are not participating in this appeal. We have agreed to decide this case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

condition of his cell from his first amended complaint. Because Reid's new claim was implausible and he abandoned his earlier allegations, we affirm.

In under a year, Reid submitted three versions of his complaint in this case. In December 2019, Reid opened this case with a complaint alleging that, for 23 days, he had been confined to a cell with exposed "live" wires and other problems. The district court screened the complaint, *see* 28 U.S.C. § 1915A, and ruled that it lacked sufficient detail to state a claim. Reid amended the complaint a few months later, adding details. But before the court screened the amended complaint, Reid asked to "supplement" it. The court construed Reid's request as a motion to amend the complaint again and granted Reid permission to do so, instructing him to "name every defendant he is trying to sue and provide the factual basis of every claim he is trying to raise." Reid then filed a document that he titled "Supplemental Complaint." In it, he alleged that for months two prison officials—both of whom he had not mentioned in the two prior complaints—drugged his food with heroin and methamphetamine and bragged about it to other inmates. Reid made no mention of the conditions of his cell. The court screened the second amended complaint, found the new conspiracy allegations "fantastical," and dismissed Reid's claim as frivolous. Ruling that further amendments would be futile, the court dismissed the case with prejudice. The court did not address any of the allegations about Reid's cell conditions from his first amended complaint.

On appeal, Reid argues that the district court wrongly dismissed his allegations about the food drugging conspiracy, which he argues warranted further investigation. We review de novo the dismissal of a prisoner's complaint at screening. *See Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012). For a complaint to survive dismissal, it must include "plausible" allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Reid's allegations that prison officials poisoned him with dangerous drugs and broadcast their crimes to other inmates are not plausible, because by drugging him they would have imperiled themselves, others, and him while confessing liability for doing so. Such a scenario is too fantastic to entertain. *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989) (district courts may dismiss "claims describing fantastic or delusional scenarios").

Reid also argues that the court should have addressed his earlier allegations about his cell conditions before dismissing his case. He says that he did not intend his "supplemental complaint" to supplant his earlier allegations. But the court ordered him to include in his new filing "every" defendant, claim, and allegation that he wished to raise. Even pro se litigants must follow court directives. *See McInnis v. Duncan*, 697 F.3d

661, 665 (7th Cir. 2012). And in general "an amended complaint supersedes an original complaint and renders the original complaint void." *Flannery v. Recording Indus. Ass'n of America*, 354 F.3d 632, 638 n.1 (7th Cir. 2004); *cf. Scott v. Chuhak & Tecson, P.C.*, 725 F.3d 772, 782–83 (7th Cir. 2013) ("[F]acts or admissions from an earlier complaint that are not included in a later complaint cannot be considered on a motion to dismiss."). Reid's second amended complaint contained allegations about a food drugging conspiracy only, so the district court properly limited its analysis to those allegations.

AFFIRMED