NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ABDUL MOHAMMED,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2022-1543

---

Appeal from the United States Court of Federal Claims in No. 1:21-cv-02262-EHM, Judge Edward H. Meyers.

---

PER CURIAM.

## O R D E R

Having considered Abdul Mohammed's complaint, the judgment of the United States Court of Federal Claims, and Mr. Mohammed's informal opening brief, the court now dismisses this appeal under 28 U.S.C. § 1915(e)(2)(B).

Mr. Mohammed filed at least 14 cases against various defendants that were dismissed in the United States District Court for the Northern District of Illinois. After being declared a vexatious litigant and subject to filing injunctions, Mr. Mohammed filed this suit in the Court of Federal Claims alleging that the "illegal seizure of the Plaintiff's

causes of action . . . violated the takings clause of the 5th Amendment of the United States Constitution." Compl. at 1, 7, *Mohammed v. United States*, No. 1:21-cv-02262 (Fed. Cl. Nov. 29, 2021). He also alleged "harrass[ment]" and retaliat[ion]" by federal judges and "Federal Agents" in connection with his efforts to pursue his cases. *Id.* at 2–3. On March 3, 2022, the Court of Federal Claims granted Mr. Mohammed's motion for leave to proceed *in forma pauperis* and granted the United States' motion to dismiss for lack of jurisdiction.

Given that Mr. Mohammed has been granted leave to proceed *in forma pauperis*, it is appropriate to consider whether his appeal complies with 28 U.S.C. § 1915(e)(2)(B)(i), which provides "the court shall dismiss . . . if the court determines that . . . the action or appeal . . . is frivolous." The Tucker Act, 28 U.S.C. § 1491, limits jurisdiction of the Court of Federal Claims to claims for money damages against the United States in cases "not sounding in tort," § 1491(a)(1), and based on sources of substantive law that "can fairly be interpreted as mandating compensation by the Federal Government," *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009) (citation and internal quotation marks omitted). Mr. Mohammed raises no non-frivolous argument that the trial court erred in finding his claims fall outside of the Tucker Act.

The Court of Federal Claims properly explained that Mr. Mohammed's harassment and retaliation claims, which clearly sound in tort, are outside the Tucker Act grant of jurisdiction. 28 U.S.C. § 1491(a)(1); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008). And it is also well-settled that the Court of Federal Claims "has no jurisdiction to review the merits of a decision rendered by a federal district court," *Petro-Hunt, L.L.C. v. United States*, 862 F.3d 1370, 1385 (Fed. Cir. 2017) (citation omitted), or over claims, such as those raised here, where the Court of Federal Claims "would have to determine whether appellants suffered a

categorical taking of their property at the hands of the . . . courts," *Innovair Aviation Ltd. v. United States*, 632 F.3d 1336, 1343 (Fed. Cir. 2011) (citation omitted). "Permitting parties aggrieved by the decisions of Article III tribunals to challenge the merits of those decisions in the Court of Federal Claims would circumvent the statutorily defined appellate process and severely undercut the orderly resolution of claims." *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1353 (Fed. Cir. 2015).

We therefore conclude that Mr. Mohammed's appeal has no arguable basis in law and dismiss it as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (holding that "an appeal on a matter of law is frivolous where '[none] of the legal points [are] arguable on their merits'" (citation omitted, brackets in the original)).

Accordingly,

IT IS ORDERED THAT:

(1)  The appeal is dismissed.

(2)  Each side shall bear its own costs.

FOR THE COURT

August 26, 2022                    /s/ Peter R. Marksteiner
       Date                        Peter R. Marksteiner
                                   Clerk of Court