DLD-071                                                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3333
_____

BRADLEY LIVINGSTON,
                                    Appellant

v.

PETER GUNDERSON, Human Resources; THRIVE AT MONTVALE, Human
Resources
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:23-cv-23004)
District Judge: Honorable Jamel K. Semper
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect, for Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2)(B), or for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
January 22, 2026

Before: RESTREPO, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed: February 5, 2026)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Bradley Livingston, proceeding pro se, brought a federal civil complaint alleging race discrimination, unequal terms of employment and retaliation by Defendants Peter Gunderson and Thrive at Montvale. On October 1, 2024, the parties filed a stipulation in the District Court to dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure 41(a). The District Court "so ordered" the stipulation by order entered on October 17, 2024.

On October 31, 2024 and November 1, 2024, Livingston filed motions to "reinstate the case." Livingston claimed that defense counsel made misrepresentations and that he was tricked into signing the stipulation. On December 14, 2024, Livingston filed a notice of appeal from the District Court's October 17, 2024 order.

On December 17, 2025, the District Court denied Livingston's motions to "reinstate the case," which it interpreted as motions for reconsideration. The District Court determined that Livingston failed to specify the precise misrepresentations by defense counsel and had ample opportunity to seek clarification before the District Court entered the order of dismissal. Further, the District Court explained that Livingston failed to show manifest injustice, noting that Livingston still had the opportunity for recourse through a case he had filed with the New Jersey Department of Civil Rights ("NJDCR"),

2

that had since been transferred to the New Jersey Office of Administrative Law ("NJOAL").

We have jurisdiction under 28 U.S.C. § 1291.[1] Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), this Court must dismiss an appeal if it is frivolous, i.e., "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

"[A]s a general rule, a party cannot appeal a consent judgment." *Verzilli v. Flexon, Inc.,* 295 F.3d 421, 424 (3d Cir. 2002). Exceptions to this generally applicable rule include: (1) when a party fails to assent to the agreement; (2) if the underlying court lacks subject matter jurisdiction; or (3) if there is an express reservation of the right to appeal in the stipulation. *See Verzilli,* 295 F.3d at 424.

By arguing that he was tricked into signing the consent judgment, Livingston implicitly invokes the first exception.[2] However, Livingston provided no detail regarding how was "tricked." His signature is clearly on the stipulation itself. The stipulation Livingston signed expressly stated that the parties agreed to dismiss this civil case with

---

[1] We decline to dismiss the appeal because of a lack of jurisdiction as it is timely under Federal Rule of Appellate Procedure 4(a)(4).

[2] The other two exceptions do not apply.

3

prejudice. Thus, based on this record, there is nothing to suggest that Livingston failed to

assent to the stipulation.[3] Accordingly, we will dismiss the appeal.

---

[3] We note that there is nothing to suggest that Livingston is incompetent.